IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES AYCOCK, PRO SE, <br> TDCJ-CID #764082, <br><br> Plaintiff, <br><br> v. <br><br> NEAL UNIT OFFICERS, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § § 2:04-CV-0261 <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JAMES AYCOCK, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

By his original complaint, plaintiff complains of "inadequate medical indifference to [his] treatment and care with atrocity stigmatizing multifariousness of cases," "a deprivation of minimal necessities of civilized life," and "unfounded disciplinary charges." Plaintiff also lists ten disciplinary cases, all of which appear to have occurred in 1998.

After review of plaintiff's complaint, the Court issued a Briefing Order Questionnaire requiring plaintiff to list each defendant's acts or omissions, along with the date of each, on which he based his claims for liability. By his May 12, 2005 Questionnaire response, plaintiff refers to events occurring on his arrival at the Neal Unit in November of 1998. Plaintiff also alleges "use of constructive force and multifarious of [sic] disciplinary cases" but provides no further dates and there is nothing which indicates he is complaining of cases other than the 1998 cases alleged in his original complaint.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

Plaintiff has been expressly informed of the Court's need for the dates of the alleged acts or omissions and has responded only by referencing his November 26, 1998 arrival at the Neal Unit.  Further, plaintiff's original complaint contains mo indication that any of the complained-of events occurred after 1998.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of Spears should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In this case, the limitations period expired before plaintiff filed his suit, and plaintiff's claims expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28 United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAMES AYCOCK is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED THIS  13TH  DAY OF JUNE, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

3